**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| Mary Celeste Hinton, | ) | C/A No. 2:07-0663 DCN RSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| Michael D. Coleman; Zurich North | ) | |
| America; Alice Karr; and Randy Eichorn, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The above referenced case is before this court upon the magistrate judge's

recommendation that this case be dismissed as to defendants Zurich North America, a/k/a

Assurance Company of America, Alice Karr, and Randy Eichorn.

This court is charged with conducting a <u>de novo</u> review of any portion of the

magistrate judge's report to which a specific  objection is registered, and may accept,

reject, or modify, in whole or in part, the recommendations contained in that report.  28

U.S.C. § 636(b)(1).  However, absent prompt objection by a dissatisfied party, it appears

that Congress did not intend for the district court to review the factual and legal

conclusions of the magistrate judge.  <u>Thomas v Arn</u>, 474 U.S. 140 (1985).  Additionally,

any party who fails to file timely, written objections to the magistrate judge's report

pursuant to 28 U.S.C. § 636(b)(1) waives the right to raise those objections at the appellate

court level.  <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert.</u> <u>denied</u>, 467 U.S. 1208 (1984 ).[1]    No objections have been filed to the magistrate judge's report and recommendation.

A <u>de</u> <u>novo</u> review of the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law.  Accordingly, the magistrate judge's report and recommendation is **affirmed**, and the case is dismissed as to defendants Zurich North America, Alice Karr, and Randy Eichorn. The action will continue with regard to defendant Michael Coleman.

**AND IT IS SO ORDERED**.

David C. Norton
United States District Judge

Charleston, South Carolina
July 26, 2007

**NOTICE OF RIGHT TO APPEAL**
The parties are hereby notified that any  right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[1]In <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985), the court held "that a <u>pro</u> <u>se</u> litigant must receive fair notification of the <u>consequences</u> of failure to object to a magistrate judge's report before such a procedural default will result in waiver of the right to appeal.  The notice must be 'sufficiently understandable to one in appellant's circumstances fairly to appraise him of what is required.'" <u>Id.</u> at 846.  Plaintiff was advised in a clear manner that his objections had to be filed within ten (10) days, and he received notice of the <u>consequences</u> at the appellate level of his failure to object to the magistrate judge's report.